IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ANTHONY MOTON,<br>  Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:20-cv-03173-S (BT) |
| WARDEN BRYAN GORDY,<br>  Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Mark Anthony Moton, a state pretrial detainee confined at the Johnson County Jail, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition should be dismissed without prejudice for failure to exhaust.

I.

**A.  Nature of Habeas Action**

Although Moton filed his petition under § 2254, based on the allegations in his petition, it should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. This is so because § 2241 applies to habeas actions filed by pretrial detainees. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a petition seeking release from state criminal proceedings to be brought under § 2241 rather than § 2254) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Section 2241 authorizes a writ of habeas corpus when a prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the

1

United States[.]" 28 U.S.C. § 2241(c)(3). Because Moton is a state pretrial detainee, § 2241 applies to his petition.

## B. Exhaustion

A federal district court can raise lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts dismiss without prejudice a federal petition for writ of habeas corpus when the grounds contained therein have not been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A state pretrial detainee is required to fully exhaust available state court remedies before pursuing federal habeas relief. *Montano v. Texas*, 816 F.3d 540, 542-43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). In Texas, a petitioner can exhaust his state remedies by pursuing one of two avenues: (1) he can present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review; or (2) he can file an application for writ of habeas corpus in the Texas Court of Criminal Appeals. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). Exhaustion can be excused only when a petitioner can demonstrate "exceptional circumstances of peculiar urgency." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Here, a review of the online records at the Texas Court of Criminal Appeals reveals that Moton has not filed anything in that court. He has also failed to allege circumstances suggesting "exceptional circumstances of peculiar urgency." Moton has therefore failed to show that he exhausted his available state remedies before filing his petition in this Court.

II.

For the foregoing reasons, Moton's petition should be dismissed without prejudice for failure to exhaust state remedies.

Signed October 21, 2020.

                                 REBECCA RUTHERFORD
                                 UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).